**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CARLOS ARTURO RODRIGUEZ MONSERRATTE** | **CIVIL ACTION NO. 1:26-3184** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN RIVER CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Carlos Arturo Rodriguez Monserratte,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 5]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Venezuela. "Mr. Rodriguez Monserratte entered the United States on or about July 10, 2019, through Miami International Airport on a tourist visa. At the airport, immigration authorities placed him in detention after secondary inspection." [doc. # 1, p. 3].

---

[1] Petitioner's "A Number" is 201-997-212.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On November 7, 2019, an immigration judge ordered Petitioner removed to Venezuela but also granted him withholding of removal. [doc. # 5-1, p. 1].

"On or about November 7, 2019, ICE released Mr. Rodriguez Monserratte from custody under immigration supervision. He remained at liberty and complied with the supervision requirements, including appearing for his annual ICE check-ins." [doc. # 1, p. 4].

"Mr. Rodriguez Monserratte married Edith Rojas, a United States citizen, in 2021. A Form I-130 petition was filed on his behalf in 2022 and remains pending. Mr. Rodriguez Monserratte has substantial family ties in the United States, including his United States-citizen wife, two daughters, two grandchildren, siblings, and nieces and nephews. He has no known criminal history other than a resolved traffic citation." [doc. # 1, p. 4].

"On August 6, 2026, Mr. Rodriguez Monserratte appeared for a routine annual ICE check-in at the Miramar Detention Center in Florida. ICE detained him at that appointment." [doc. # 1, p. 4].

Petitioner filed this proceeding on August 21, 2026. He claims that the Government violated his right to procedural due process: " Before the [re-]detention, ICE provided no meaningful notice that it intended to revoke his liberty, no individualized explanation of the grounds for re-detention, and no opportunity to contest those grounds." [doc. # 1, pp. 4, 6].

Petitioner also claims that the Government is erroneously detaining him under 8 U.S.C. § 1225, and that he should be detained instead under 8 U.S.C. § 1226. [doc. # 1, pp. 5, 7].

Respondents opposed the petition on September 18, 2026. [doc. # 5]. Petitioner filed a reply on October 1, 2026. [doc. # 6].

## Law and Analysis

Petitioner is not entitled to release, release on bond, or a bond hearing at this time. Because he now has a final order of removal, he is detained under 8 U.S.C. § 1231, and his rights to procedural and substantive due process are bound by the standard/inquiry set forth in *Zadvydas v. Davis*.

When Petitioner "became subject to an administratively final removal order," "authority for [his] detention then shifted to 8 U.S.C. Section 1231." *Vetcher v. Barr*, 809 F. App'x 254, 256 (5th Cir. 2020). Under Section 1231, the Government is authorized to detain "noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). "During the removal period"—i.e., after "an alien is ordered removed"—"detention is mandatory" for ninety days. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Following the ninety-day mandatory detention period, "An alien ordered removed who is inadmissible under section 1182 . . . may be detained beyond the removal period . . . ." 8 U.S.C. § 1231(a)(6). Section 1231(a)(6), "does not" require "the Government to offer detained noncitizens bond hearings after six months of detention . . . ." *Johnson*, 596 U.S. at 575; *see Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) ("§ 1231, unlike § 1226, does not entitle an alien to a bond hearing before an IJ.").

*Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001), addressed the extent to which due process demands relief in the § 1231(a) setting, concluding that relief is required only when continued detention is unreasonable. Petitioner does not raise a claim under *Zadvydas*. [doc. # 1]. Consequently, the Government has not and is not violating Petitioner's right to due process. *See Hernandez-Esquivel v. Castro*, 2018 WL 3097029, at *8-9 (W.D. Tex. June 22, 2018);

*Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020) ("The Supreme Court has had occasion to consider the constitutional implications of indefinite detention under § 1231(a). . . . [T]he Court offered us a standard through which to judge indefinite-detention cases—the *Zadvydas* standard we applied in this case. We see no cause to question the wisdom of that decision."); *Castaneda*, 95 F. 4th at 760 ("[A] § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation.").[3]

The Court should dismiss Petitioner's claims.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Carlos Arturo Rodriguez Monserratte's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[3] *See also Linares v. Collins*, 2025 WL 2726549, at *5 (W.D. Tex. Aug. 12, 2025), *report and recommendation adopted,* 2025 WL 2726067 (W.D. Tex. Sept. 24, 2025) ("[T]he Supreme Court [in *Zadvydas*] set out the standard for when detention pursuant to § 1231(a)(6) violates due process: when there is no significant likelihood of removal in the reasonably foreseeable future. Use of this standard is also consistent with the practice of other district courts in the Fifth Circuit.") (citing cases).

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 26th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge